IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) OWNTULSA LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>(1) ALLISON HODGES,<br>(2) COLBEY WEBSTER,<br>(3) LANDON MILLER, and<br>(4) OWNOKLAHOMA, LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 24-cv-00355-MTS |

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, OwnTulsa LLC (hereinafter "Plaintiff" or "OWN"), by and through its undersigned counsel, and for its Complaint against Defendants, Allison Hodges ("Hodges"), Colbey Webster ("Webster"), Landon Miller ("Miller") and OwnOklahoma, LLC, ("OwnOkla") (collectively, "Defendants") alleges and states as follows:

### NATURE OF THE CASE

1. This is an action for trademark infringement and unfair competition under Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§1114 and 1125(a), deceptive trade practices under the Oklahoma Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78, §51-55, and state and common law trademark infringement and unfair competition.

1

## PARTIES

2. OWN begun its operations in 2011 and became a limited liability company existing under the laws of the State of Oklahoma in July, 2014, with its principal place of business in Tulsa, Oklahoma.

3. Hodges, an individual, is a resident of Tulsa, Oklahoma and a principal of OwnOkla.

4. Webster, an individual, is a resident of Tulsa, Oklahoma and a principal of OwnOkla.

5. Miller, an individual, is a resident of Tulsa, Oklahoma and a principal of OwnOkla (Hodges, Webster and Miller are sometimes collectively referred to herein as the "Individual Defendants").

6. OwnOkla is a limited liability company existing under the laws of the State of Oklahoma since April, 2024, and has its principal place of business in the Northern District of Oklahoma.

## JURISDICTION AND VENUE

7. The claims herein arise under federal law, and Own seeks damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Therefore, this Court has subject matter and original jurisdiction over such claims (Claims I and II herein) pursuant to 28 U.S.C. §§ 1331 and 1338.

8. The claims for state and common law trademark infringement and the claims arising under the Oklahoma Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78, §§ 51-55, are so related to the claims asserted in Claims I and II that they form part of the same case or

controversy. Therefore, the Court has jurisdiction over OWN's state law claims under 28 U.S.C. §§ 1338 and 1367, as well as under general principles of supplemental and pendent jurisdiction.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because all of the Defendants reside or have their principal place of business in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10. OWN has for many years provided real estate brokerage and real estate agency services in the Tulsa metropolitan area and throughout Oklahoma.

11. OWN has utilized over the past many years, the marks OWN, OWN TULSA and OWN OK.

12. In addition to OWN's extensive common law rights relating to its OWN-based marks, the United State Patent and Trademark Office issued Registration Nos. 6,597,174 and 6,595,770 to OWN for the mark OWN TULSA in association with real estate brokerage and real estate agency services.

13. OWN also owns the State of Oklahoma registered trade name for, among others, OWN OK.

14. OWN has for many years utilized the domain name www.owntulsa.com in connection with its real estate services.

15. These federal and state rights are sometimes herein collectively referred to as the "OWN Marks."

4881-3252-1424, v. 2

16. The OWN Marks, which have been used by OWN for many years and continue to be used, have been the subject of extensive promotion and are widely recognized as being associated with OWN.

17. OWN has earned a reputation for trust, integrity and expertise among its clients, other real estate professionals and the public.

18. Clients, other real estate professionals and members of the public uniquely associate the OWN Marks with OWN, and these marks function as strong source identifiers of OWN's services.

19. Hodges was previously engaged as a real estate agent for OWN and engaged in improper conduct in that capacity.

20. By way of example, in approximately 2018, while still engaged by OWN, Hodges formed OWN Jenks LLC, an Oklahoma limited liability company. Upon learning of Hodges' actions, OWN confronted Hodges and advised her that she did not have permission to use its OWN Marks except in association with her responsibilities for OWN's business, such as on the business cards it had printed for her.

21. Hodges represented to OWN that the OWN Jenks entity had been formed solely for her internal business reporting and tax purposes, and that she would not use the OWN mark or any aspect of the entity name in any public facing manner, and particularly not with respect to real estate services separate and part from the agency relationship with OWN.

22. After Hodges' engagement with OWN terminated, Hodges was engaged as an agent for another Tulsa area realty business.

23. Webster and Miller were also engaged as real estate agents by the same business at approximately the same time as Hodges.

24. The individual Defendants left such realty business and conspired and colluded to start a new realty business, without permission or consent, utilizing the OWN Marks and the goodwill associated therewith.

25. Defendants, individually and collectively, have adopted, used and are continuing to use, among others, the marks Own OK Realty and Own OK in association with their real estate services.

26. Defendants are utilizing the domain name www.ownokrealty.com in offering their real estate services.

27. Upon information and belief, Defendants collectively conspired and selected the Own-based marks, domain name and the like (collectively, the Infringing Marks) with the purpose of willfully and wrongfully associating their business with OWN and trading upon its extensive goodwill.

28. The Individual Defendants (as owners) also formed OwnOkla as an Oklahoma limited liability company in April, 2024.

29. Defendants have been and continue to extensively utilize social media accounts, including Facebook, Twitter/X and Instagram, which feature the Infringing Marks.

30. On April 6, 2024 the Oklahoma Secretary of State issued a trade name registration to Hodges for Own Ok Realty.

31. Upon information and belief, Hodges has and continues to be an agent acting for and on behalf of all Defendants in wrongfully obtaining the referenced Oklahoma trade name registration.

32. OWN has provided Defendants with actual notice of its rights and requested that Defendants cease and desist from their wrongful acts.

### FIRST CLAIM FOR RELIEF
### (FEDERALTRADEMARK INFRINGEMENT)

### *(Federal Trademark Infringement – 15 U.S.C. § 1114)*

33. OWN adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

34. Defendants' unauthorized use of the Infringing Marks is likely to cause confusion, cause mistake, and/or deceive consumers and the trade into believing that Defendants are OWN or that Defendants are an affiliate of OWN, or that Defendants' services are authorized, endorsed, sponsored or approved by OWN. Such actual confusion is already occurring.

35. On information and belief, Defendants have used, and presently use the Infringing Marks without OWN's authorization in furtherance to Defendants' willful, deliberate and bad faith efforts to trade upon the extensive consumer goodwill and recognition which OWN has developed and established in its OWN Marks, including those which are the subject of Reg. Nos. 6,597,174 and 6,595,770.

36. Defendants' acts complained of herein constitute trademark infringement under 15 U.S.C. § 1114.

37. As a direct and proximate cause of Defendants' unlawful acts as alleged herein, OWN has suffered financial injury. Moreover, on information and belief, Defendants have made, and will continue to make, substantial profits and gains from the unauthorized use of the Infringing Marks, to which Defendants are not entitled in law or equity. OWN is therefore entitled to an award of its damages and Defendants' profits, in amounts to be determined at the time of trial.

38. OWN has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of the Infringing Marks unless restrained by law.

4881-3252-1424, v. 2

**SECOND CLAIM FOR RELIEF**
*(Federal Unfair Competition – 15 U.S.C. § 1125(a))*

39. OWN adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

40. Defendants' unauthorized use of the Infringing Marks is likely to cause confusion, cause mistake, and /or deceive consumers and the trade into believing that Defendants are OWN or that Defendants are an affiliate of OWN, or that Defendants and their services are authorized, endorsed, sponsored or approved by OWN. Such actual confusion has already occurred.

41. On information and belief, Defendants have used and presently use the Infringing Marks without OWN's authorization in furtherance of their willful, deliberate and bad faith efforts to trade upon the extensive consumer goodwill and recognition which OWN has developed and established in its OWN Marks.

42. Defendants' acts complained of herein constitute unfair competition, false designation of origin, false advertising and misappropriation under 15 U.S.C. § 1125(a).

43. As a direct and proximate cause of Defendants unlawful acts as alleged herein, OWN has suffered financial injury. Moreover, on information and belief, Defendants have made, and will continue to make, substantial profits and gains from the unauthorized uses of the Infringing Marks, to which Defendants are not entitled in law or equity. OWN is therefor entitled to an award of its damages and Defendants' profits, in amounts to be determined at the time of trial.

44. OWN has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized uses of OWN Marks unless restrained by law.

## THIRD CLAIM FOR RELIEF
## (OKLAHOMA DECEPTIVE TRADE PRACTICES ACT)

### *(Okla. Stat. Ann. Tit. 78, §51-55)*

45. OWN adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

46. OWN adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

47. Defendants' unauthorized use of the Infringing Marks is likely to cause confusion, cause mistake, and/or deceive consumers and the public into believing that Defendants are affiliated with OWN or that Defendants' services are authorized, endorsed, sponsored or approved by OWN. Such actual confusion has already occurred.

48. Defendants' acts as alleged herein constitute willful misrepresentations of fact as to the origin of their services and disparage OWN's services.

49. Defendants have used and presently use the Infringing Marks without OWN's authorization in furtherance of Defendants' willful, deliberate and bad faith efforts to trade upon the extensive consumer goodwill and recognition that OWN has developed and established in its OWN Marks.

50. Defendants' acts complained of herein constitute deceptive trade practices in violation of the Oklahoma Deceptive Practices Act, Okla. Stat. Ann. tit. 78, §§ 51-55.

51. OWN has suffered, and will continue to suffer harm from Defendants' unauthorized uses of the Infringing Marks unless restrained by law.

## FOURTH CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT)
## STATE AND COMMON LAW

52. OWN adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

53. Defendants' unauthorized use of the Infringing Marks is likely to cause confusion, cause mistake, and /or deceive consumers and the trade into believing that Defendants are OWN or that Defendants are an affiliate of OWN, or that Defendants and their services are authorized, endorsed, sponsored or approved by OWN.  Such actual confusion has already occurred.

54. On information and belief, Defendants have used and presently use the Infringing Marks without OWN's authorization in furtherance of their willful, deliberate and bad faith efforts to trade upon the extensive consumer goodwill and recognition which OWN has developed and established in its OWN Marks.

55. As a direct and proximate cause of Defendants' unlawful acts as alleged herein, OWN has suffered financial injury.  Moreover, on information and belief, Defendants have made, and will continue to make, substantial profits and gains from the unauthorized uses of the Infringing Marks, to which Defendants are not entitled in law or equity.  OWN is therefor entitled to an award of its damages and Defendants' profits, in amounts to be determined at the time of trial.

## COMBINED PRAYER FOR RELIEF

WHEREFORE, OWN requests that judgment be entered in its favor and against Defendants as follows:

1. A declaration that Defendants have infringed the OWN Marks;

2. A declaration that Defendants have engaged in unfair competition and deceptive trade practices;

3. An Order that Defendants and all others acting under their direction or control or in active concert with them, including any agents, officers, directors, employees and representatives, be preliminarily and permanently enjoined and restrained from infringing the OWN Marks and from utilizing the Infringing Marks and any other marks confusingly similar thereto;

4. An Order requiring cancellation with the Oklahoma Secretary of State of all Infringing Marks and any other confusingly similar marks or names.

5. An Order, pursuant to 15 U.S.C. § 1118, that Defendants be required to deliver up all printed materials, signage and other articles in the possession of Defendants bearing the Infringing Marks and that the same be destroyed;

6. An Order, requiring Defendants to account to OWN for any and all profits derived by Defendants from use of the Infringing Marks and for all damages allowed by law;

7. A determination that this is an exceptional case and that OWN is therefore to be awarded its reasonable attorney's fees; and

1. An Order awarding OWN the costs of this action and such other and further relief as may be just and proper.

4881-3252-1424, v. 2

Dated: July 11, 2024.

Respectfully submitted,

s/ *Todd A. Nelson*
Todd A. Nelson, OBA No. 15317
Paul E. Rossler, OBA No. 21796
**GableGotwals**
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800
(918) 595-4990 (fax)
tnleson@gablelaw.com
prossler@gablelaw.com

**Counsel for Plaintiff, OWN LLC**

4881-3252-1424, v. 2